MAYER BROWN LLP
CLIFF A. MAIER (#248858)
    cmaier@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

DUANE-DAVID HOUGH (*pro hac*)
    dhough@mayerbrown.com
BRIAN W. NOLAN (*pro hac*)
    bnolan@mayerbrown.com
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Attorneys for Defendants and Counterclaim Plaintiffs

** E-filed June 30, 2010 **

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PixArt Imaging Inc.,<br>　　　　　Plaintiff,<br>　　v.<br>Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies ECBU IP (Singapore) Pte. Ltd., and Avago Technologies U.S., Inc.,<br>　　　　　Defendants.<br><br>Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies ECBU IP (Singapore) Pte. Ltd., and Avago Technologies U.S., Inc.,<br>　　　　　Counterclaim Plaintiffs,<br>　　v.<br>PixArt Imaging Inc.,<br>　　　　　Counterclaim Defendant. | CASE NO. C 10-00544 JW<br><br>**STIPULATED PROTECTIVE ORDER**<br>**AS AMENDED BY THE COURT** |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, upon the consent and stipulation of the parties, Plaintiff and Counterclaim-Defendant PixArt Imaging, Inc. ("PixArt") and Defendants and Counterclaim-Plaintiffs Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies ECBU IP (Singapore) Pte. Ltd., and Avago Technologies U.S., Inc. (collectively "Avago"), and for good cause shown,

IT IS HEREBY ORDERED BY THE COURT as follows:

1. Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the party producing the discovery responses (hereinafter "the Producing Party"), contains any trade secret or other confidential commercial information may be designated by the Producing Party as "Confidential." Confidential information, designated as such in accordance with this Order, shall be disclosed or made available only to persons specified in Paragraphs 4 and 5 herein. All copies of materials properly designated as "Confidential," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "Confidential," shall be Confidential information. ← (See Addendum to Protective Order.)

2. Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the Producing Party, contains any trade secret or other confidential or commercial information that the Producing Party believes in good faith gives a competitive advantage over others who do not possess such information, which is not generally known to others in the Producing Party's trade or business, which the Producing Party would normally not reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and which is viewed by the Producing Party as more sensitive than Confidential information, may be designated by the Producing Party as "Confidential Attorneys' Eyes Only" information. Information designated as Confidential Attorneys' Eyes Only in accordance with this Order, shall be disclosed or made available only to persons as described in Paragraphs 4 and 5 herein, and is not to be copied or otherwise reproduced except for the limited purpose of

conducting this litigation, including preparing exhibits for affidavits, depositions, hearings, or for trial. All copies of materials properly designated as "Confidential Attorneys' Eyes Only," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "Confidential Attorneys' Eyes Only," shall be Confidential Attorneys' Eyes Only information.

3. Confidential Information and Confidential Attorneys' Eyes Only information may be made subject to the Protective Order as follows:

(a) With respect to documents or copies provided by the Producing Party to the party receiving the discovery responses (hereinafter "the Receiving Party"), by marking the initial page and the page or pages on which any Confidential Information appears with the legend "CONFIDENTIAL," and by marking the initial page and the page or pages on which any Confidential Attorneys' Eyes Only information appears with the legend "CONFIDENTIAL ATTORNEYS' EYES ONLY." The Producing Party shall so mark documents or copies prior to or at the time of supplying them to opposing counsel.

(b) With respect to documents or copies produced by the Producing Party for inspection by opposing counsel, such documents are deemed to be, and shall be treated as, Confidential Attorneys' Eyes Only documents, whether or not so marked, unless and until opposing counsel requests copies of such documents and the Producing Party supplies such copies to opposing counsel. Copies of such documents supplied to opposing counsel shall be made subject to this Order if, prior to or at the time of supplying them to opposing counsel, the Producing Party marks such copies as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," as provided in Paragraph 3(a) above.

(c) Testimony or information disclosed at a deposition may be designated by a Producing Party as Confidential or Confidential Attorneys' Eyes Only information by indicating on the record at the deposition the specific testimony or subject matter of the testimony which contains Confidential information or Confidential Attorneys' Eyes Only information that is to be made subject to the provisions of this Order. The parties will use their best efforts to make all such designations during the deposition. A Producing Party may later designate testimony or information disclosed at a deposition as Confidential or Confidential

1   Attorneys' Eyes Only by notifying all parties in writing, within thirty days of receipt of the
2   transcript, of the specific pages and lines of the transcript, or the subject matter of the testimony
3   that is to be designated Confidential or Confidential Attorneys' Eyes Only. Each party shall
4   attach a copy of such written statement to the face of the transcript and each copy thereof in its
5   possession, custody or control. If no confidentiality designation is made at the time of a
6   deposition, such deposition nonetheless shall be treated as Confidential Attorneys' Eyes Only
7   information from the taking of the deposition until thirty days after receipt of the transcript, or
8   until receipt of the notice referred to in this paragraph, whichever occurs sooner.

9         (d)    In the case of responses to interrogatories, or other discovery requests, or
10  responses, affidavits, briefs, memoranda or other papers filed with the Court, information
11  contained therein may be designated as Confidential or Confidential Attorneys' Eyes Only by
12  prominently marking such paper "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS'
13  EYES ONLY"

14        (e)    Tangible objects may be designated as Confidential or Confidential
15  Attorneys' Eyes Only by affixing to the object or its container a label or tag marked
16  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." Electronic files
17  produced on media may be designated as Confidential or Confidential Attorneys' Eyes Only by
18  affixing to the media a label or tag marked "CONFIDENTIAL" or "CONFIDENTIAL
19  ATTORNEYS' EYES ONLY.

20        (f)    To the extent that information has been produced prior to the entry of this
21  Order Which a Producing Party desires to designate as Confidential or Confidential Attorneys'
22  Eyes Only, the Producing Party may, within twenty days of the entry of this Order, designate any
23  information as Confidential or Confidential Attorneys' Eyes Only by identifying in writing to the
24  Receiving Party which such documents, testimony or tangible objects should be treated as
25  Confidential or Confidential Attorneys' Eyes Only.

26  4.    (a)    Except as provided in Paragraph 5 herein, [and as otherwise ordered by the Court,] Confidential information, and
27  any analysis or report containing Confidential information, may be made available to and
28  inspected by:

        (i)    up to six persons per party who have been designated as either independent expert witnesses or independent consultants and personnel acting under their direct or indirect supervision; and

        (ii)    the parties' outside counsel of record in this action and personnel of outside counsel.

        (iii)    Trial and appellate courts for this action, court reporters, videographers, and/or interpreters, and necessary support personnel of such court reporters, videographers, and/or interpreters retained in connection with any hearing or trial of this action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition;

        (iv)    (a) Trial consultants and/or jury consultants retained in preparation for trial, provided that no documents or physical things embodying Confidential Information or Confidential Attorneys' Eyes Only information of another party shall be left in the possession of any such person;

        (b) Mock jurors, focus group members, or research group participants selected by trial consultants, jury consultants or by trial counsel in preparation for trial, provided that no documents or physical things embodying Confidential Information or Confidential Attorneys' Eyes Only information of another party shall be left in the possession of any such person;

        (v)    (a) Independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services, provided such individuals are merely performing clerical or ministerial tasks;

        (b) Interpreters, as necessary to translate documents;

        (vi)    Non-party individuals who are designated in the document or material itself as an author or recipient of the designated document or material;

        (vii)    One in-house counsel of the parties who is designated and identified within this Stipulated Protective Order.  If any such designated and identified

employee leaves the designating party's employment or has a significant change in their job duties or responsibilities, the affected party may designate, for purposes of this protective order, a replacement in-house counsel upon written notice to the other party. The in-house counsel are as follows:

>For Avago:
>
>Floyd Anderson
>
>For PixArt:
>
>Yenmin Chang

If one or more of the foregoing in-house counsel leaves the employ of his or her respective employer, the affected party may designate, for purposes of this protective order, replacement in-house counsel upon written notice to the other party.

      (b)    Except as provided in Paragraph 5 herein, Confidential Attorneys' Eyes Only information, and any analysis or report containing Confidential Attorneys' Eyes Only information, may be made available to and inspected by persons described in Paragraph 4(a)(i)-(vi).

For purposes of persons designated as independent expert witnesses or independent consultants pursuant to Paragraph 4(a)(i), each party shall disclose to the other party, by facsimile and first class mail, the identity, residence, signed undertaking, and curriculum vitae of each independent expert witness or independent consultant at least five (5) business days prior to the first disclosure of Confidential information or Confidential Attorneys' Eyes Only information to that independent expert witness or independent consultant. If a party objects to the identified expert or consultant, it shall make its objections known in writing within five (5) business days of notification. If agreement on the independent expert or consultant cannot be reached, the objecting party shall have ten (10) business days after making its objections known to seek a protective order from the Court. In such case, no disclosure shall be made to the expert until the Court has ruled on the motion for a protective order. If the objecting party fails to seek a protective order within that time, the objection shall be deemed waived and Confidential information or Confidential Attorneys' Eyes Only information may be disclosed to the

independent expert subject only to this Protective Order.

It is the specific intent of this subparagraph that Confidential Attorneys' Eyes Only information shall not be available to other individuals including the parties, or their employees, except as may be permitted pursuant to Paragraph 5 herein.

(c)   No Confidential information or Confidential Attorneys' Eyes Only information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in Paragraphs 4(a) or 4(b), with the exception of outside counsel and the personnel of outside counsel as set forth in Paragraph 4(a), trial and appellate courts and the courts' official court reporters, or to any individual who is otherwise authorized to receive or view such information pursuant to Paragraph 5, unless and until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached as Exhibit A, any and all of which signed undertakings shall be retained in duplicate by outside counsel of record for the Receiving Party.

(d)   The limitations on the disclosure of Confidential information apply to all Confidential information, including but not limited to draft memoranda, expert reports, and briefs. The limitations on the disclosure of Confidential Attorneys' Eyes Only information apply to all Confidential Attorneys' Eyes Only information, including but not limited to draft memoranda, expert reports, and briefs.

5.   In the event that counsel for a party deems it necessary to disclose any information of the Producing Party designated Confidential or Confidential Attorneys' Eyes Only to any person not specified in Paragraph 4 herein, said counsel first shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. Until such motion is decided finally by this Court, no disclosure shall be made.

6.   If a Producing Party discloses any document, or portion thereof, or any other form

1  of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil
2  Procedure which it later determines was not, but should have been, designated Confidential
3  information or Confidential Attorneys' Eyes Only information, the Producing Party may so
4  designate such materials by serving a written notice upon the Receiving Party. The Producing
5  Party shall, at the time of such written notice or within a reasonable time thereafter, produce a
6  copy of such discovery materials marked with the appropriate re-designation. The Receiving
7  Party's outside counsel shall thereafter take reasonable steps to ensure that all known copies of
8  previously produced, mis-designated discovery materials and materials containing or referring to
9  such previously produced, mis-designated discovery materials are appropriately re-designated,
10 destroyed, or returned to the Producing Party. The Receiving Party's outside counsel also will
11 ensure that, upon re-designation, persons not entitled to have access to Confidential information
12 or Confidential Attorneys' Eyes Only information, as the case may be, promptly return them to
13 such outside counsel. The disclosure or use of previously produced, mis-designated discovery
14 materials by the Receiving Party prior to the service of written notice by the Producing Party
15 shall not constitute a violation of this Protective Order so long as such disclosure or use of
16 previously produced, mis-designated discovery materials was made in good faith.

17    7.    If a Receiving Party in possession of discovery materials designated as
18 Confidential information or Confidential Attorneys' Eyes Only information receives a subpoena
19 from a non-party to this action seeking production or other disclosure of such discovery
20 materials, the Receiving Party shall immediately give written notice to the Producing Party,
21 specifying the discovery materials sought and enclosing a copy of the subpoena or other form of
22 compulsory process. Where possible, at least ten (10) calendar days' notice shall be given before
23 production or disclosure is due. In no event shall production or disclosure be made without
24 either: (i) the Receiving Party having obtained a release under this Protective Order to make such
25 production or disclosure; or (ii) a court ordering such production or disclosure.

26    8.    The production of any discovery materials governed by this Protective Order shall
27 be without prejudice to any claim by the Producing Party that such discovery materials are
28 protected from discovery on the basis of privilege or the work-product doctrine, so long as such

1  production was made inadvertently. No Producing Party shall be held to have waived any of its

2  rights by such an inadvertent production. If, after discovery materials are produced, a claim of

3  privilege and/or work product is subsequently made, the Receiving Party shall take reasonable

4  steps to ensure that all known copies of such discovery materials are returned promptly to the

5  Producing Party. After the return of the discovery materials, the Receiving Party may challenge

6  the Producing Party's claim of privilege and/or work-product by filing a motion with the Court.

7  Any determination by the Court on the Producing Party's claim of privilege and/or work product

8  shall be made without regard to the fact that such discovery materials have been produced so

9  long as such production was made inadvertently. The Receiving Party shall bear the burden of

10  proving that such production was not made inadvertently.

11  9.  ~~The Clerk of the Court is provisionally directed to maintain under seal all~~

The parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

12  ~~information, documents, objects and other materials filed with the Court that have been~~

13  ~~designated by a party to this action as Confidential or Confidential Attorneys' Eyes Only~~

14  ~~pending a final determination by the Court that good cause exists to permit the information,~~

15  ~~documents, objects or other materials to be filed under seal. To assist the Clerk, any document or~~

16  ~~object that a party wishes to have placed under seal pursuant to this Order shall be filed in the~~

17  ~~Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be~~

18  ~~endorsed the title and docket number of this action, an identification of the nature of the contents~~

19  ~~of the sealed envelope or container, the words "CONFIDENTIAL" or "CONFIDENTIAL~~

20  ~~ATTORNEYS' EYES ONLY," and a statement substantially in the following form:~~

21  ~~SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO.~~
   ~~C03-4871 JW. This envelope, containing documents that are filed~~
22  ~~in this case by [name of party], is not to be opened nor are the~~
   ~~contents thereof to be displayed or revealed except by order of the~~
23  ~~Court.~~

24

25  ~~A second copy of any pleading or paper specifically intended for review by the Court may be~~

26  ~~hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is~~

27  ~~brought promptly to the Court's attention.~~ Any party desiring to file any Confidential

28  information or Confidential Attorneys' Eyes Only information under seal must comply fully with

the Local Rules concerning such filings, including in particular Northern District Local Rule 79-5 and General Order 62.

10. (a) The parties shall provide, when practicable, advance notice to the Court and other parties when they intend to use Confidential information or Confidential Attorneys' Eyes Only information in court proceedings. Nothing in this Order shall prevent a party from using, during depositions, hearings, trial, or other proceedings held in this action, any information or materials designated as Confidential or Confidential Attorneys' Eyes Only.

(b) At the deposition of a third party, such third party may be shown any document or other material designated as Confidential or Confidential Attorneys' Eyes Only, provided that: (i) the third party authored, created, received, or knows of the document or other material; or (ii) the third party is made subject to this Order, pursuant to Paragraphs 4 and/or 5 herein.

11. The information produced by the parties pursuant to pretrial discovery in this action may be used and disclosed only for purposes of this action. No party or person shall make any other use of any such information, including, but not limited to, use for commercial, or competitive purposes or use in any other legal proceeding, except as permitted by a court order.

12. No copies of Confidential information or Confidential Attorneys' Eyes Only information shall be made except by or on behalf of attorneys of record in this case or persons otherwise bound by this Order. Any attorneys or other persons bound by this Order who make or cause to be made copies of Confidential information or Confidential Attorneys' Eyes Only information shall maintain all such copies within their possession or the possession of others who are entitled to access to such Confidential information or Confidential Attorneys' Eyes Only information under this Order.

13. Nothing in this order shall be deemed to preclude any party from seeking and obtaining modifications of this Order, including, but not limited to, modifications which would provide additional protection with respect to the confidentiality of documents or other discovery materials. Further, the parties expressly reserve the right to seek to modify this Order to allow persons identified in Paragraph 4(a)(vii) to have access to certain documents or information

1  designated as Confidential Attorneys' Eyes Only should such needs arise.

2  14. Nothing herein shall be construed as preventing any party from using or continuing to use any information designated as Confidential or Confidential Attorneys' Eyes Only under this Order if the Receiving Party, its counsel or independent consultants can show as a matter of written record that the information (a) was already known to the Receiving Party from legitimate sources, (b) was independently developed by the Receiving Party, (c) was obtained from the Producing Party without having been identified as Confidential or Confidential Attorneys' Eyes Only, or (d) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

15. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as Confidential or Confidential Attorneys' Eyes Only is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any such information, document, testimony, or tangible object. The parties reserve the right to make any and all objections as to the admissibility of the documents produced subject to this Order until trial of this case.

16. A party shall not be obligated to challenge the propriety of a Confidential or Confidential Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the Producing Party of any information as Confidential or Confidential Attorneys' Eyes Only, the parties shall try first to dispose of such dispute in good faith on an informal basis [*in voice to voice dialogue*]. If the dispute cannot be resolved, the party shall inform the opposing party or third party in writing that the document should not be deemed confidential and shall cite this paragraph. The party objecting to the "Confidential" or "Confidential Attorneys' Eyes Only" status of a document must present a motion to the Court objecting to such status. [*Each such motion must be accomplished by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this paragraph.*] On any such motion, the proponent of the "Confidential" or

"Confidential Attorneys' Eyes Only" designation shall bear the burden of proof. The document shall continue to have such status unless and until such a motion is presented, and during the pendency of any such motion.

17. Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as Confidential or Confidential Attorneys' Eyes Only, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. If the Producing Party directs the Receiving Party to destroy such Confidential or Confidential Attorneys' Eyes Only materials and copies, then the Receiving Party, within ten days of destroying such materials and copies, must certify in writing that it has destroyed such materials and copies, and serve said certification upon the Producing Party.

Insofar as the provisions of this and any other Protective Orders entered in this action restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this litigation except (a) that parties and/or their counsel may maintain a copy set of all pleadings and other court filings, including exhibits, (b) that there shall be no restrictions on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (c) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Protective Orders. For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this protective order.

18. This Order has been entered to facilitate discovery and presentation of evidence to the Court. Neither the designation of any information, document, testimony or tangible object as Confidential or Confidential Attorneys' Eyes Only, nor the failure to make such designations shall constitute evidence with respect to any issue in this action.

19. The terms of this Protective Order shall be applicable to any third party who produces information that is designated by such third party or a party hereto as Confidential or Confidential Attorneys' Eyes Only.

20. This Order shall not prevent any party from applying to the Court for a further order of injunctive or other relief, and shall not preclude any party from enforcing its rights at

1  law or in equity with respect to any information, document, or thing against any other person,
2  including another party, believed to be violating the rights of any party.

3      21.  All notices or communications that are required or permitted to be given to a party
4  under this Protective Order shall be made in writing and shall be sent that party's counsel of
5  record in this litigation via email, in the form of a PDF file, followed up by a confirmation copy
6  sent via Federal Express or other overnight express delivery service.

7      IT IS SO ORDERED.

8  Dated: June 30, 2010

9   

10                                 HOWARD R. LLOYD
    STIPULATED TO:                     United States Magistrate Judge

11

12 Dated: June 11, 2010                          MAYER BROWN, LLP

13

14                                   By: _____/s/ Cliff Maier_____
                                      CLIFF MAIER

15                                   Attorneys for Defendants and
                                  Counterclaim-Plaintiffs

16                                   AVAGO TECHNOLOGIES GENERAL IP
                                  (SINGAPORE) PTE. LTD., AVAGO

17                                   TECHNOLOGIES ECBU IP
                                  (SINGAPORE) PTE. LTD., AND AVAGO

18                                   TECHNOLOGIES U.S., INC.

19     I hereby attest, pursuant to section X of General Order 45, that concurrence in the filing
20 of this document has been obtained from Michael H. Page, Esq., Attorneys for Plaintiff and
21 Counterclaim-Defendant PixArt Imaging Inc..
22 Dated: June 11, 2010
23

24                                   By: _____/s/ Cliff Maier_____
                                      CLIFF MAIER

25
26
27
28

**EXHIBIT A**

**UNDERTAKING**

1. I have carefully read and understand the attached Stipulated Protective Order (the "Order") which has been entered by the United States District Court for the Northern District of California in an action captioned *PixArt Imaging, Inc. v. Avago Technologies General IP (Singapore) Pte. Ltd., et al.*, Case No. C 10-00544 JW. The initially capitalized terms in this Undertaking shall have the meanings supplied in the Order.

2. Pursuant to the Order, I may be given access to Confidential information and/or Confidential Attorneys' Eyes Only information in the above-referenced action. As a condition of access to that Confidential information and/or Confidential Attorneys' Eyes Only information, and in consideration of that access; (a) I agree that I shall be bound by and comply with all the terms of the Order, including those limiting disclosure and use of the Confidential information and Confidential Attorneys' Eyes Only information, and (b) I submit to the jurisdiction of the United States District Court for the Northern District of California for the enforcement of the Order.

3. By reason of this Undertaking, the obligations imposed on me by the Order shall be enforceable by the Producing Party to redress any breach of the Order or this Undertaking.

4. I have executed this Undertaking in duplicate on _____ whereupon it becomes binding in accordance with its terms.

5. My current address is _____ and my current occupation/job description is as _____ follows: _____
_____

6. I have no prior or current affiliation with either of the parties to this action, OR [explain any prior or current affiliation other than expert consultation in connection with this litigation] _____
_____
_____

1  _____
2  _____
3        I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct.
5        Executed this _____ day of _____, 2010 in _____.
6
7                                                    _____
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ADDENDUM TO PROTECTIVE ORDER**
PixArt Imaging, Inc. v. Avago Technologies General IP (Singapore) Pte. Ltd. et al.,
Case No. C10-00544 JW (HRL)

IT IS HEREBY ORDERED as follows:

    1.1    (a)    Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    (b)    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

    (c)    If it comes to a party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**C10-00544 JW (HRL) N**otice **will be electronically mailed to:**

| | |
|---|---|
| Cliff Allan Maier | cmaier@mayerbrownrowe.com, Cmaier@mayerbrown.com, cnotification@mayerbrown.com, cpohorski@mayerbrown.com, jwilkinson@mayerbrown.com |
| Daralyn J. Durie | ddurie@durietangri.com |
| Michael Henry Page | mpage@durietangri.com, records@durietangri.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**