**\*\* E-filed July 15, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIXART IMAGING, INC., | No. C10-00544 JW (HRL) |
| Plaintiffs, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT # 1** |
| v. | |
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD, et al., | **[Re: Docket Nos. 49, 50]** |
| Defendants. | |

On July 13 and 14, 2011, the parties in the above-caption patent infringement action filed in two parts a Discovery Dispute Joint Report # 1 ("Joint Report").[1] Docket Nos. 49, 50. Plaintiff PixArt Imaging, Inc. ("PixArt") contends that defendants Avago Technologies General IP (Singapore) Pte. Ltd, Avago Technologies ECBU IP (Singapore) Pte. Ltd., and Avago Technologies U.S., Inc. (collectively, "Avago") filed the Joint Report in violation of this Court's Standing Order re: Civil Discovery Disputes ("Standing Order").

The Standing Order requires parties, before filing a discovery dispute joint report, to meet-and-confer about the disputed discovery issue using "the customary convenient means of communication - telephone, e-mail, correspondence, person to person talks between members of opposing litigation teams - to try to reach agreement." Standing Order ¶ 2(b). "If that fails to lead to complete agreement, then LEAD COUNSEL (and any unrepresented person), accompanied by

---

[1] Previously, this Court granted the parties' request that the deadline for filing any discovery dispute joint report be extended two weeks from June 29, 2011 to July 13, 2011. Docket No. 48.

anyone else whose presence is needed to fully explore resolution, shall meet IN PERSON for as long as and as often as is needed to reach full agreement." Id. ¶ 2(c) (emphasis in original).

Here, it appears that Avago's lead counsel never met-and-conferred in person about the disputed issue. Avago writes that it "believes that it has complied with Judge Lloyd's Standing Order because Mr. Greenfeld, who has been leading the advancement of this case for Avago since he started at Mayer Brown in October 2010, met in person with [PixArt's lead counsel,] Mr. [Michael] Page of Durie Tangri." Docket No. 49 at 4. The problem is that Mr. Greenfeld is not Avago's lead counsel; Mr. Duane D. Hough is. And, it appears that Mr. Hough and Mr. Page never discussed this particular discovery dispute in person, as this Court's Standing Order requires. See Docket No. 50 at 2, 9.

Since Avago did not comply with the Standing Order, the Court DENIES its requested relief.

**IT IS SO ORDERED.**

Dated: July 15, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1 **C10-00544 JW (HRL) Notice will be electronically mailed to:**

Cliff Allan Maier    cmaier@mayerbrownrowe.com, Cmaier@mayerbrown.com, cnotification@mayerbrown.com, cpohorski@mayerbrown.com, jwilkinson@mayerbrown.com
Daralyn J. Durie    ddurie@durietangri.com
Duane D. Hough    dhough@mayerbrown.com, strobinson@mayerbrown.com
Michael Henry Page    mpage@durietangri.com, charlie_chang@pixart.com.tw, records@durietangri.com
Robert Greenfeld    rgreenfeld@mayerbrown.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

3